IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEBORAH MARRINER ANDERSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-20-654 |
| BANK OF NEW YORK MELLON CORP., et al., | * | |
| | * | |
| Defendants. | | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Bank of New York Mellon Corp.'s ("BNY Mellon") Motion to Dismiss Amended Complaint (ECF No. 14).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant BNY Mellon's Motion.

### I.   BACKGROUND[2]

**A.   Plaintiff's Allegations**

Plaintiff Deborah Marriner Anderson[3] captions her Amended Complaint as an "Amended Complaint to Quiet Title." (Am. Compl. at 1, ECF No. 11). The Complaint concerns a parcel of real property at 1101 River Road, Sykesville, Maryland (the

---

[1] Also pending before the Court is BNY Mellon's Motion to Dismiss Complaint (ECF No. 10). This Motion was rendered moot when Plaintiff Deborah Marriner Anderson filed her Amended Complaint (ECF No. 11). The Court will therefore deny the Motion.

[2] Unless otherwise noted, the Court takes the following facts from Anderson's Amended Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

[3] The Court will direct the Clerk to correct the spelling of Anderson's name on the docket.

"Property"), over which Anderson asserts she has "complete dominion." (Id. ¶ 1). Anderson attaches to her original Complaint a Deed of Trust reflecting that she borrowed $328,000 from non-party Intervale Mortgage Corporation ("Intervale") on May 17, 2006, following the purchase of the Property. (Compl. Ex. E ["Deed of Trust"] at 1, 3, 15, 19–20, ECF No. 1-5).

Non-party Mortgage Electronic Registration Systems, Inc. ("MERS"), is listed on the Deed of Trust as "the beneficiary under this Security Instrument." (Deed of Trust at 1). In 2012, MERS assigned the Deed of Trust from Intervale to BNY Mellon. (Compl. Ex. B ["Assignment of Deed"] at 1, ECF No. 1-2). Anderson asserts that MERS "granted its position" to BNY Mellon "via an unknown and unsubstantiated 'attorney in fact[.]'" (Am. Compl. ¶ 8). Anderson also "denies all conveyance of mortgages or other deeds." (Id. ¶ 12). As best as the Court can understand, Anderson appears to assert that MERS' assignment of the Deed of Trust from Intervale to BNY Mellon was invalid as it lacked the authority to take the action.

Although Anderson denies signing any promissory note concerning the Property, BNY Mellon asserts that she owes a debt on the Property. (Id. ¶ 14). Despite this, BNY Mellon "refuses all payments and cannot account for the mortgage claim or any mortgage payments." (Id. ¶ 16). Anderson asserts that she has on three occasions "tendered payment in full for the entire face value of the mortgage deed," and each time the offer was returned[.]" (Id. ¶ 17). Moreover, Anderson asserts that she "has owned and occupied the real property . . . adversely possessing against all record claims since April 28, 1995." (Id. ¶ 22).

2

**B.     Defendant's Response**

BNY Mellon attaches to its Motion to Dismiss the promissory note executed by Anderson in the amount of $328,000. (Mem. Law Supp. Mot. Dismiss Am. Compl. ["Defs.' Mem."] at 1, ECF No. 14-2; Defs.' Mot. Dismiss Am. Compl. ["Defs.' Mot."] Ex. A ["Promissory Note"], ECF No. 14-3).[4] BNY Mellon notes that the Substitute Trustees for the Property filed suit for foreclosure on November 29, 2017. (Defs.' Mem. at 2; Defs.' Mot. Ex. B ["Foreclosure Suit"], ECF No. 14-4.).[5] After the circuit court in that lawsuit

---

[4] As a general rule, a court may not consider extrinsic evidence when resolving a Rule 12(b)(6) motion. See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). But this general rule is subject to several exceptions. First, a court may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic, see Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006) (citing American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004)). Second, a court may consider documents referred to and relied upon in the complaint "even if the documents are not attached as exhibits." Fare Deals Ltd. v. World Choice Travel.com, Inc., 180 F.Supp.2d 678, 683 (D.Md. 2001); accord New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am., 18 F.3d 1161, 1164 (4th Cir. 1994). Third, a Court may consider matters of public record. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). If any of these properly considered extra-pleading materials conflict with the "bare allegations of the complaint," the extra-pleading material "prevails." Hill v. SCA Credit Servs., Inc., 622 F.App'x 231 (4th Cir. 2015) (citing Fayetteville Invrs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991)).

Here, the Court is satisfied that it may review the Promissory Note without converting BNY Mellon's Motion to a motion for summary judgment. The document is clearly integral to the Amended Complaint. Although Anderson questions its relevance, she does not question its authenticity. Moreover, the Amended Complaint repeatedly refers to and relies upon the Promissory Note. (See, e.g., Am. Compl. ¶¶ 10–11, 14). Finally, land records are public records. The Court will therefore consider the Promissory Note in ruling on BNY Mellon's Motion.

[5] Similarly, "a federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (citing Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994)).

3

denied Anderson's motion for a hearing, Anderson appealed to the Maryland Court of Special Appeals. (Defs.' Mem. at 2; Defs.' Mot. Ex. C ["Appeal Docket"], ECF No. 14-5). Shortly thereafter, Anderson filed for bankruptcy, staying her appeal. (Defs.' Mem. at 2–3); see In re Deborah Marriner Anderson, No. 19-bk-11952 (Bankr.D.Md. filed Feb. 14, 2019). The bankruptcy proceeding remains pending. Most recently, Anderson converted the proceeding from a Chapter 13 bankruptcy to a proceeding under Chapter 7, with a meeting of creditors scheduled for February 11, 2021. See Notice of Chapter 7 Bankruptcy Case, In re Deborah Marriner Anderson, No. 19-bk-11952 (Bankr.D.Md. Jan. 5, 2021).

Anderson also filed a lawsuit in state court in June 2019 against Shellpoint Mortgage Services ("Shellpoint"), the current servicer of the loan. (Defs.' Mem. at 4; Defs.' Mot. Ex. G ["Shellpoint Lawsuit"], ECF No. 14-9). Anderson captioned her lawsuit a "Bill to Enforce Mechanics Lien" and sought to "claim a priority sweat equitable lien" on the Property. See Anderson v. Shellpoint Mortg. Serv., No. C-13-CV-19-577 (Cir.Ct.Howard.Cnty. filed June 10, 2019). The circuit court dismissed Anderson's lawsuit the following month. See Order, Anderson v. Shellpoint Mortg. Serv., No. C-13-CV-19-577 (Cir.Ct.Howard.Cnty. July 12, 2019).

## C. Procedural History

On March 10, 2020, Anderson filed this lawsuit against BNY Mellon and "Unknown Mortgage Creditor."[6] (ECF No. 1). On August 6, 2020, BNY Mellon filed a

---

[6] Anderson defines Defendant "Unknown Mortgage Creditor" as "all parties owning or holding any interest to or from BK including [MERS], and any trustees or members claiming an interest therein. See attached Deed of Trust Assignment from MERS, and the attached Memorandum." (Am. Compl. ¶ 3). Because the Court finds that Anderson's claim

4

Motion to Dismiss Complaint. (ECF No. 10). On August 17, 2020, Anderson filed an Amended Complaint. (ECF No. 11). The seven-count Amended Complaint alleges: Demand to Establish the Mortgage Note Under TILA (Count 1); Demand to Verify and Validate Ownership and Control of All Debt Under the Mortgage Note (Count 2); Libel (Count 3); Demand to Present the Mortgage Note under UCC 3-501 (Count 4); Demand for Rule to Bring Judicial Foreclosure (Count 5); Impose Constructive Trust (Count 6); and Equity of Redemption (Count 7). (Id. at 5–6). Anderson seeks a declaratory judgment and various forms of injunctive relief. (Id. at 6–7).

BNY Mellon filed a Motion to Dismiss Amended Complaint on August 31, 2020. (ECF No. 14). Anderson filed an Opposition to the Motion on September 21, 2020. (ECF No. 15). BNY Mellon filed a Reply Memorandum in Further Support of the Motion on October 2, 2020. (ECF No. 16).[7]

---

is barred by her quiet title action and that she has failed to state a claim for which relief may be granted, it will dismiss Anderson's claims against Defendant Unknown Mortgage Creditor.

[7] Anderson has also filed a Motion to Enter Surreply (ECF No. 19), along with an accompanying Proposed Surreply (ECF No. 19-2). Although a district court has discretion to allow a surreply, surreplies are generally disfavored. Chubb & Son v. C.C. Complete Servs., LLC, 919 F.Supp.2d 666, 679 (D.Md. 2013). A surreply may be permitted "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." Khoury v. Meserve, 268 F.Supp.2d 600, 605 (D.Md. 2003). Here, Anderson has made no effort to explain to the Court why her surreply is necessary, nor would the substance of the proposed surreply change the Court's ruling on the instant Motion. Accordingly, Anderson's Motion to Enter Surreply will be denied.

## II.   DISCUSSION

### A.   Standard of Review

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (citation omitted)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005)

6

(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

**B.     Analysis**

For the most part, the enumerated counts in the Amended Complaint are not recognized causes of action under federal or state law. (See Am. Compl. at 5–6). Anderson's Opposition to the Motion to Dismiss provides little additional clarity. Accordingly, the Court has endeavored to discern and evaluate the viability of Anderson's claims as best it can given the allegations and evidence before it.

### 1. Anderson's Action for Quiet Title is Barred by Her Pending State Court Lawsuit

BNY Mellon asserts that "Maryland law does not allow Plaintiff to pursue this suit to quiet title because there is already an active suit to test or enforce title – the Foreclosure Suit." (Defs.' Mot. at 6). The Court agrees. In Maryland, "a quiet title action may be maintained only 'if an action at law or proceeding in equity is not pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim.'" Deibler v. Quicken Loans, Inc., No. TDC-15-2286, 2016 WL 393308, at *2 (D.Md. Feb. 1, 2016) (quoting Md. Code Ann., Real Prop. § 14-108(a)). In other words, a "pending foreclosure proceeding . . . would bar the current quiet title claim." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 197 n.1 (4th Cir. 2014). Anderson does not confront this argument or

these precedents in her Opposition. Accordingly, the Amended Complaint—captioned as an Amended Complaint to Quiet Title—must be dismissed.

Moreover, the Court agrees with BNY Mellon that Anderson's attempt to litigate this claim separately from her pending foreclosure proceeding represents an impermissible attempt at claim splitting. "The rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'" Lee v. Norfolk S. Ry. Co., 802 F.3d 626, 635 (4th Cir. 2015) (quoting Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp., 273 F.App'x 256, 265 (4th Cir. 2008)). "[T]he second suit will be barred if the claim involves the same parties and 'arises out of the same transaction or series of transactions as the first claim.'" Sensormatic Sec., 273 F.App'x at 265 (quoting Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1269–70 (11th Cir. 2002)).

Here, this action and the Foreclosure Suit both arise out of BNY Mellon's foreclosure of the Property. In cases involving similar facts, this Court has found that plaintiffs' claims were barred by res judicata.[8] See McGhee v. JP Morgan Chase Bank, N.A., No. DKC 12-3072, 2013 WL 4495797, at *6 (D.Md. Aug. 20, 2013). In McGhee, plaintiffs lost their property to foreclosure, appealed the court's ruling ratifying the

---

[8] The doctrine of res judicata provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (internal quotation marks and citations omitted). Claim splitting is similar to res judicata, except that in the case of claim splitting, "a final judgement in the first suit is not required to bar the second suit." Jaigobin v. U.S. Bank, NA, No. DKC 18-1776, 2019 WL 4598000, at *3 (D.Md. Sept. 23, 2019) (citing Sensormatic Sec. Corp. v. Sensormatic Elec Corp., 452 F.Supp.2d 621, 626 n.2 (D.Md. 2006)), aff'd, 797 F.App'x 776 (4th Cir. 2020).

foreclosure, filed for bankruptcy, and then filed suit in federal court seeking, among other things, to quiet title. Id. at *1–3. The Court found that "Plaintiffs' claims all stem from actions taken by lenders, servicers, and their trustees in connection with the . . . foreclosure of those properties based on what Plaintiffs claim were predatory loans, willful misrepresentations, and failure to comply with all legal requirements." Id. at *5. The Court therefore determined that "the proper forum for Plaintiffs to raise their claims about the misdeeds of those connected with their foreclosure was at the foreclosure proceeding itself." Id.

The facts in this case are very similar to those in McGhee. The primary difference between the two cases is that Anderson's foreclosure proceeding is still pending, while the action in McGhee had concluded. That distinction changes the deficiency in the Amended Complaint from one of res judicata to one of claim splitting; it does not, however, render this lawsuit viable. The Court finds the analysis set forth in McGhee persuasive. Accordingly, this case will be dismissed on the basis that it represents impermissible claim splitting.

### 2. None of Anderson's Seven Counts States a Facially Plausible Claim to Relief

Even if Anderson's claims were not barred by the pending Foreclosure Suit, her Amended Complaint fails to state a claim for which relief may be granted. As set forth above, the Amended Complaint contains seven counts: Demand to Establish the Mortgage Note Under TILA (Count 1); Demand to Verify and Validate Ownership and Control of All Debt Under the Mortgage Note (Count 2); Libel (Count 3); Demand to Present the

9

Mortgage Note under UCC 3-501 (Count 4); Demand for Rule to Bring Judicial Foreclosure (Count 5); Impose Constructive Trust (Count 6); and Equity of Redemption (Count 7). (Am. Compl. at 5–6). However, none of these counts contains "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). Indeed, the "Claims" section of the Amended Complaint makes only oblique references to statutes and other possible causes of action and is almost completely bereft of factual support. Moreover, the relationship between that section and the "Factual Background" section of the Amended Complaint is virtually incomprehensible.

Much of the Amended Complaint revolves around the assertion that the reassignment of the Deed of Trust was improper. Indeed, throughout the Amended Complaint, Anderson appears to maintain that MERS' lacked authority to assign the Deed of Trust to BNY Mellon. (See, e.g., Am. Compl. ¶¶ 8–12). To the extent that Anderson's claims are premised on this contention, it is incorrect. Maryland courts have repeatedly affirmed MERS' ability to transfer and assign mortgage interests. See, e.g., Henry v. Aurora Loan Servs., LLC, No. TDC-14-1344, 2016 WL 1248672, at *4 (D.Md. Mar. 25, 2016) (citing cases); Ellington v. Clarke, Case No. 2727, Sept. Term 2018, 2020 WL 871114, at *1 & n.3 (Md.Ct.Spec.App. Feb. 20, 2020) (citing Anderson v. Burson, 35 A.3d 452, 455 (Md. 2011)). Accordingly, this seemingly fundamental pillar of the Amended Complaint finds no support in the precedent of this Court.[9]

---

[9] Anderson also appears to imply in the Amended Complaint that BNY Mellon's claim to the Property is barred by various statutes of limitations. (See Am. Compl. ¶¶ 18–

10

Finally, the Court will dismiss this lawsuit because the claims set forth in the Amended Complaint are unintelligible. See Jianqing Wu v. TrustPoint Int'l, No. PWG-15-1924, 2015 WL 13091378, at *1 (D.Md. Oct. 5, 2015) ("[C]ourts have unhesitatingly dismissed actions where the complaint: consisted of a labyrinthian prolixity of unrelated and vituperative charges that def(y) comprehension[.]") (internal quotation marks and citation omitted) (alterations in original). The Court is unable to discern what facts, if any, support Anderson's claims, and the allegations the Court can understand do not establish that Anderson is entitled to relief. Thus, even if this lawsuit did not represent impermissible claim splitting, the Court would dismiss the Amended Complaint for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, the Court will grant BNY Mellon's Motion to Dismiss Amended Complaint (ECF No. 14). A separate Order follows.

Entered this 17th day of February, 2021.

/s/
George L. Russell, III
United States District Judge

---

22). BNY Mellon argues that "statutes of limitations do not apply to foreclosures, which are actions brought in equity." (Defs.' Mem. at 9). The Court agrees. See, e.g., Brooks v. Cama Self Directed IRA, LLC, No. JKB-18-2299, 2019 WL 418412, at *6 (D.Md. Jan. 31, 2019) ("Maryland does not apply a statute of limitations to foreclosures, which are actions in equity, not actions at law."); Ahmed v. NewRez LLC, No. TDC-19-2534, 2020 WL 1904699, at *2 (D.Md. Apr. 17, 2020) ("Maryland does not apply a statute of limitations to foreclosure actions."). Thus, to the extent that Anderson's claims are premised in part on BNY Mellon's foreclosure action having been prohibited by applicable statutes of limitations, the Court rejects this contention.